IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERS FARMS, INC., *Plaintiff*, | : : : | CIVIL ACTION NO. 20-5475 |
| v. | : : | |
| LIBERTY INSURANCE UNDERWRITERS, INC., et al., *Defendants*. | : : : : | |

MEMORANDUM

JONES, II   J.                                                                                                                   September 30, 2021

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Jeffers Farms, Inc. ("Plaintiff"), initiated this insurance dispute by filing a complaint in the Philadelphia County Court of Common Pleas on August 5, 2020. On November 2, 2020, Liberty Insurance Underwriters Inc. ("Defendant") removed the case to this Court. (ECF No. 1.) Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff has filed a Response in Opposition to Defendant's Motion to Dismiss (ECF No. 9), to which Defendant has replied. (ECF No. 13.) A brief summary of the pertinent facts as alleged in Plaintiff's Complaint is set forth below.

Defendant issued Plaintiff an insurance policy providing directors, officers, and company liability coverage for the period of February 18, 2017 to February 18, 2018, which was then renewed for the period of February 18, 2018 to February 18, 2019 (collectively, the "Policies"). (Compl. ¶¶ 19–20.) The Policies provide coverage to Plaintiff, and its directors and officers, for losses they become legally obligated to pay as a result of claims made against them during the covered period. (Compl. ¶ 21.)

On June 1, 2018, a lawsuit was filed against Plaintiff on behalf of the Estate of Ann J. Hogarty (the "Estate") in the Court of Common Pleas of Susquehanna County (the "Underlying Action"). (Compl. ¶ 13.) The original complaint in the Underlying Action demanded that Jeffers Farms issue 60 shares of Class A stock to the Estate as required by a 1961 amendment to the Jeffers Farms bylaws. (Compl. ¶ 15.) The original complaint further alleged that Jeffers Farms failed and refused to issue the requested A shares of stock. (Compl. ¶ 15.) Plaintiffs in the Underlying Action then filed an amended complaint, adding allegations that Plaintiff, "through its officers and directors over the years, have engaged in misrepresentation and fraud to prevent the transfer of the A shares of stock to Ann Hogarty, and after her death, to her Estate." (Compl. ¶ 16.)

After the Underlying Action was filed, Plaintiff allegedly made timely notice to Defendant seeking coverage under the Policies. (Compl. ¶ 25.) Defendant denied coverage and then confirmed the denial after a request for reconsideration by Plaintiff. (Compl. ¶¶ 29–31.) Plaintiff alleges that Defendant breached the parties' insurance contract and also acted in bad faith in violation of 42 Pa.C.S.A. § 8371. For the reasons set forth below, Defendant's Motion to Dismiss will be granted, and Plaintiff will be granted leave to amend its complaint.

**II.    STANDARD OF REVIEW**

In ruling on a Rule 12(b)(6) motion, courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578

F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To prevent dismissal, all civil complaints must [] set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It is the "defendant [who] bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted." *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019) (citing *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

## III.   DISCUSSION

### A.   The "Prior Acts Exclusion" Bars Coverage

Count I of Plaintiff's Complaint asserts a breach of contract claim against Defendant. (Compl. ¶¶ 33–40.) To state a claim for breach of contract under Pennsylvania law, a plaintiff is required to plead: "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'" *Orange v. Starion Energy PA, Inc.*, 711 F. App'x 681, 683 (3d Cir. 2017) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)). Here, neither party disputes that a valid insurance contract exists between them. The instant dispute centers on whether Plaintiff has sufficiently alleged a breach of that insurance contract. Plaintiff claims that Defendant breached the contract by "fail[ing] and refus[ing] to provide Plaintiff with a defense for the Underlying Action." (Compl. ¶ 38.) Accordingly, the sufficiency of Plaintiff's breach of contract claim turns on whether it has plausibly alleged that

Defendant is obligated to defend it in the Underlying Action under the terms of the insurance contract.

"Under Pennsylvania law, an insurer has a duty to defend if the complaint filed by the injured party potentially comes within the policy's coverage." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005). In other words, "'[i]f the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover.'" *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016) (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)). "Importantly, Pennsylvania adheres to the 'four corners' rule," "under which an insurer's potential duty to defend is 'determined solely by the allegations of the complaint in the [underlying] action.'" *Ramara*, 814 F.3d at 673 (quoting *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006)) (emphasis omitted). "If the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case." *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 249 (3d Cir. 2019) (internal quotation marks, alterations, and emphasis omitted).

Defendant argues that any losses resulting from the claims made against Plaintiff in the Underlying Action would be excluded from coverage under the Policies' "Prior Acts Exclusion." (Def.'s Mot. Dismiss at 12.) That exclusion within the Policies provides:

> The Insurer shall not be liable under any Insuring Clause in this Coverage Part for Loss on account of any Claim made against any Insured . . . based upon, arising out of, or attributable to any Wrongful Act taking place in whole or in part prior to 02/18/2016.

2017-2018 Policy (ECF No. 5-1) at § IV.A & Endorsement No. 10; 2018-2019 Policy (ECF No. 1-3) at § IV.A & Endorsement No. 9.  The relevant insuring clause in the Policies states:

> The Insurer shall pay on behalf of the Company Loss which the Company becomes legally obligated to pay by reason of any Claim first made against the Company during the Policy Period . . . for any Wrongful Acts by the Company taking place prior to the end of the Policy Period.

2017-2018 Policy at § I.C; 2018-2019 Policy at § I.C.  That insuring clause, then, uses "Wrongful Acts" to refer to the factual basis of the "Claims" made against the insured.  Accordingly, it is only when Plaintiff is alleged to have committed a "Wrongful Act"—i.e., the factual basis for a "Claim" against it—that insurance coverage is potentially triggered.  However, pursuant to the "Prior Acts Exclusion," coverage will not be triggered for a claim based on a "Wrongful Act" that took place, in whole or in part, prior to February 18, 2016.  As the Underlying Action is based on alleged acts and omissions that took place beginning in 1961, Defendant argues that the "Prior Acts Exclusion" precludes coverage for losses stemming from the claims in that case.

      The only response Plaintiff offers on this issue is as follows: "Not only has Plaintiff not been found to have committed a Wrongful Act as defined by the Policy, but there is no evidence that Plaintiff has committed a Wrongful Act."  Pl.'s Resp. Opp'n (ECF No. 9) at 9–10.  But Plaintiff offers no explanation as to how those observations bear any relevance to the question at hand.  They do not.  Plaintiff does not contest that the alleged acts and omissions at issue in the Underlying Action began back in 1961, nor could it reasonably do so.  And Plaintiff's Complaint in this case acknowledges that the operative complaint in the Underlying Action "allege[s] 'wrongful acts' as defined by the Policy."  (Compl. ¶ 26.)  Again, the "Prior Acts Exclusion" specifically precludes coverage for losses stemming from claims "based upon, arising out of, or attributable to any Wrongful Act taking place in whole or in part prior to 02/18/2016."  2017-

2018 Policy at § IV.A & Endorsement No. 10; 2018-2019 Policy at § IV.A & Endorsement No. 9. The exclusion clearly applies here, and the fact that Plaintiff has not yet been found legally liable for the conduct alleged in the Underlying Action is irrelevant to the analysis. Because the exclusion applies, there is no duty to defend, and Defendant's Motion to Dismiss Plaintiff's breach of contract claim must be granted. *See Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d 417, 426–27 (E.D. Pa. 2020) ("This Court and the Third Circuit have regularly granted motions to dismiss in insurance cases when the plaintiff's allegations fall squarely within the policy's exclusions to coverage.") (citing *Brewer v. U.S. Fire Ins. Co.*, 446 F. App'x 506, 510 (3d Cir. 2011)).[1]

### B.     The "Reasonable Expectations" Doctrine

In its Response to Defendant's Motion to Dismiss, Plaintiff urges the Court to apply Pennsylvania's "reasonable expectations" doctrine to its claims for insurance coverage. "The Pennsylvania doctrine of reasonable expectations states that the reasonable expectations of the insured is the focal point of the insurance transaction regardless of the ambiguity, or lack thereof, inherent in a given set of documents. It is intended to protect against the inherent danger, created by the nature of the insurance industry, that an insurer will agree to certain coverage when receiving the insured's application, and then unilaterally change those terms when it later issues a policy." *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d

---

[1] "'[B]ad faith claims cannot survive a determination that there was no duty to defend, because the court's determination that there was no potential coverage means that the insurer had good cause to refuse to defend.'" *Pizzini v. Am. Int'l Specialty Lines Ins. Co.*, 249 F. Supp. 2d 569, 570 (E.D. Pa. 2003) (quoting *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999)). Accordingly, Plaintiff's bad faith insurance claim must also be dismissed. In addition, as the Court finds the insurance contract's "Prior Acts Exclusion" to be dispositive, it need not, and does not, address Defendant's other arguments against coverage.

Cir. 2004). "Although 'in most cases, the language of the insurance policy will provide the best indication of the content of the parties' reasonable expectations,' the courts must nevertheless 'examine the totality of the insurance transaction involved to ascertain the reasonable expectations of the insured.'" *Lansdale 329 Prop, LLC v. Hartford Underwriters Ins. Co.*, Civ. A. No. 20-2034, 2021 WL 1667424, at *11 (E.D. Pa. Apr. 28, 2021) (quoting *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 418 F.3d 330, 344 (3d Cir. 2005)).

Here, Plaintiff's Complaint is devoid of any information regarding the transaction in which it purchased the Policies from Defendant, whether the insurance contract it was ultimately issued differed from what it bargained for, or what specific conduct on Defendants' part created an expectation that the claims at issue in the Underlying Action would be covered under the Policies. Accordingly, Plaintiff's invocation of this doctrine in the abstract in its Response Brief is not enough to overcome the plain language of the policy exclusion. *See, e.g.*, *Moody v. Hartford Fin. Grp., Inc.*, 513 F. Supp. 3d 496, 507 (E.D. Pa. 2021) ("[plaintiff] has not pleaded facts that lead the Court to conclude that [the insurance company] or its agent created in the insured a reasonable expectation of coverage that is not supported by the terms of the policy") (internal quotation marks and alterations omitted). However, when "a complaint is subject to a Rule 12(b)(6) dismissal, the Court should permit a curative amendment unless it would be futile or inequitable." *Frank Van's Auto Tag, LLC v. Selective Ins. Co. of the Southeast*, 516 F. Supp. 3d 450, 462 (E.D. Pa. 2021). Accordingly, the Court will grant Plaintiff "leave to amend its Complaint to include allegations about its reasonable expectations about the Polic[ies'] coverage." *Id.*

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed with leave to amend.

An appropriate order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.